IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

UNITED STATES OF AMERICA, :
:
v. : Case No.: 1:99-cr-2 (WLS)
:
RODERICK BENETRICE PAUL, :
:
    Defendant. :
:

**ORDER**

Before the Court is Defendant Roderick Benetrice Paul's Motion to Reduce Sentence under the Fair Sentencing Act of 2010. (Docs 80, 88.) Defendant moves this Court to reduce his sentence pursuant to Amendment 750, effective November 1, 2011 and made retroactive, which lowers the base offense levels for particular crack cocaine offenses in U.S.S.G. § 2D1.1(c). *See* U.S.S.G. App. C, Amend. 750. However, as both the Government and Defense counsel note, Defendant's sentence was based on the career-offender guideline under U.S.S.G. § 4B1.1, not the applicable crack guideline. (Doc. 88 at 1; Doc. 89 at 1–2.) Amendment 750 did not make any changes to § 4B1.1, the career-offender guideline. *See United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012) (rejecting argument that *Freeman v. United States*, 131 S. Ct. 2685 (2011) undermines binding Eleventh Circuit precedent that holds that career offenders are ineligible for reduction under Amendment 750).

The Eleventh Circuit has held that "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a

1

reduction in sentence." *United States v. Moore*, 541 F.3d 1323, 1320–21 (11th Cir. 2008) (concluding that when a defendant's sentence is based on the guideline ranges applicable to career offenders under § 4B1.1, a defendant's base offense level under § 2D1.1 plays no role in the calculation of these ranges). When given the opportunity to address the interplay between Amendment 750 and sentences calculated under the § 4B1.1 career-offender guideline, subsequent to *Moore*, the Eleventh Circuit concluded that where a sentencing range is based upon § 4B1.1, Amendment 750, which serves to reduce base offense levels in § 2D1.1, but not in § 4B1.1, does not alter the sentencing range upon which the sentence is based, and thus, § 3582(c)(2) does not authorize a reduction in sentence. *Lawson*, 686 F.3d at 1321. Accordingly, Defendant's sentence was not affected by Amendment 750 because he was sentenced as a career offender; thus, the original sentence imposed remains accurate. (Doc. 59).

The Court sentenced Defendant as a career offender. (Doc. 63; Doc. 88 at 1; Doc. 89 at 1–2.) Accordingly, Defendant's base offense level, under § 4B1.1, for violation of 21 U.S.C. § 841(a)(1), possession with the intent to distribute more than five grams of cocaine base yielded a base offense level of 31.[1] Under Defendant's career-offender offense level of 31 and a criminal-history category of VI, the guideline imprisonment range was 188 months to 235 months. Defendant received 200 months' imprisonment for his drug conviction. Accordingly, his sentence was within the guideline range at that time. Defendant is not eligible pursuant to the crack amendment for a sentence reduction.

---

[1] However, Defendant and the Government stipulated that Defendant was responsible for 40.3 grams of crack cocaine. Defendant also received a three-point reduction for acceptance of responsibility. (Doc. 88 at 5.)

Accordingly, Defendant's Motion to Reduce Sentence under the Fair Sentencing Act of 2010 is **DENIED**. (Docs. 80, 88.)

**SO ORDERED**, this  3rd  day of April 2013

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**